Filed 7/19/21  P. v. Brizuela CA4/1

### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KEVIN BRIZUELA,<br><br>    Defendant and Appellant. | D078376<br><br><br>(Super. Ct. No. SCN317396) |

APPEAL from a judgment of the Superior Court of San Diego County, Richard R. Monroy, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2016, a jury convicted Kevin Brizuela of two counts of first degree murder (Pen. Code,[1] §§ 187, subd. (a), 190.2, subd. (a)(3)) and two counts of attempted premeditated murder (§§ 664, 187, subd. (a), 189).  The jury also

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

found true that Brizuela had discharged a firearm causing death or bodily injury (§ 12022.53, subds. (d) & (e)(1)). Brizuela was sentenced to an indeterminate term of 100 years to life in prison.

Brizuela appealed and this court issued an unpublished opinion in October 2018. (*People v. Brizuela* (Oct. 11, 2018, D071364) [nonpub. opn.].) In that opinion, we conditionally reversed the judgement and remanded the case to the trial court to conduct a hearing to determine if the case should be remanded to the juvenile court since Brizuela was 17 years old at the time of the offenses. We also directed the trial court to exercise its discretion to consider whether to strike the firearm enhancement.

On remand, the court held a fitness hearing (Welf. & Inst. Code, § 707). The trial court declined to remand the case to the juvenile court and denied the motion to strike the firearm enhancement. The court reinstated the original judgment and sentence.

Brizuela filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Brizuela the opportunity to file his own brief on appeal, but he has not responded.

STATEMENT OF FACTS

The facts of the offenses are set forth in our prior opinion and do not need to be repeated here. Rather we will set forth the summary of material

presented to the trial court as contained in the appellant's brief for convenience and for background purposes.

A.  *Statement of the Case*

On October 11, 2018, this Court conditionally reversed the judgment and remanded the case to the Superior Court with directions.  The trial court was directed to hold a transfer hearing pursuant to Welfare and Institutions Code section 707 to determine whether:  (1) it would have transferred the case to a court of criminal jurisdiction; and (2) the firearm enhancements should be stricken.

The parties filed briefs regarding the transfer issue.  The trial court conducted the transfer hearing on November 16, 2020.  The trial court declined to transfer the case to juvenile court.  It also refused to strike the firearm enhancements.  The trial court imposed the same sentence previously imposed.  Brizuela filed a timely notice of appeal on December 15, 2020.

B.  *The Facts from the Transfer Hearing*

Exhibits A through F were attached to the prosecution post-conviction transfer hearing brief.  The exhibits are in the four volumes of the augment clerk's transcript.  The exhibits included incident reports from appellant's custody in the San Diego County jail, evidence of appellant's gang connections, appellant's post-conviction, pending transfer criminal and gang conduct, county and welfare services referral information.  The exhibits showed multiple instances of appellant's misconduct in custody and gang connections.  The exhibits also showed appellant suffered abuse as a child. The defense evidence showed appellant was beaten by his stepfather with a belt and removed from the care of his mother because of the abuse.  Appellant also suffered serious injuries when he fell from a second story window when

3

he was six years old. Appellant was initiated into the Vista Homeboys gang when he was in seventh grade.

The trial court refused to transfer appellant's case to juvenile court because: (1) appellant was 17 years and seven months old when the crimes were committed; (2) repeated attempts by the juvenile court system to reform him had failed; (3) appellant committed the crimes while completing a period of probation; (4) appellant was incapable of being rehabilitated; (5) his criminal delinquent record was extensive; and (6) the crimes were grave. The trial court refused to dismiss the firearm enhancements for the same reasons.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review and incompliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*) counsel has identified the following possible issues which were considered in evaluating the potential merits of this appeal.

1. Whether the trial court erred in refusing to order appellant's case returned to the juvenile court.

2. Whether the trial court abused its discretion in denying the motion to strike the firearm enhancement.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal in appeal. Competent counsel has represented Brizuela on this appeal.

4

## DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

DATO, J.